OPINION
Larry Morgan has appealed, pro se, the overruling of his motion for orthodontic treatment for his fifteen year old daughter, Laura. Patricia Custer is the custodial and residential parent of the child.
The trial court conducted a hearing on Morgan's motion July 22, 1999, and immediately thereafter rendered a comprehensive opinion and order which faithfully and meticulously tracks the record of these proceedings subsequent to December 18, 1998, when we remanded this matter for further proceedings on Morgan's motion for orthodontic treatment for Laura, Rife aka Custer v. Morgan
(Dec. 18, 1998), Champaign App. No. 98 CA 6, unreported.
The trial court's opinion and order is as follows:
 Larry Morgan's Motion for Orthodontic Treatment again came on for hearing on July 22, 1999.
 Previously, by Entry filed February 24, 1999, the Court had ordered a re-evaluation of the need for the treatment. Thus, by agreement, Mr. Morgan and Ms. Custer were to each choose an orthodontist and the Guardian ad litem (GAL herein) would coordinate the examinations.
 Mr. Morgan chose Ron L. Anderson who had previously expressed an opinion in the proceedings on this issue in Clark County. Ultimately, Ms. Custer chose James A. Tetz.
 The GAL received evaluations from each orthodontist and filed them with the Court. Neither indicated any urgency. Dr. Anderson said he would not perform the treatment because Laura indicated she would not cooperate and patient cooperation is essential. He said to wait until she wants the treatment.
 Dr. Tetz noted the need for cooperation and said the treatment could wait until Laura is an adult.
 The GAL then filed an Interim Report of Guardian ad litem on July 21, 1999. His report recommended the treatment not take place because of Laura's resistance which she had indicated to the GAL.
 Therefore, the Court again conducted a hearing on July 22, 1999. Mr. Morgan was present with his court-appointed attorney, David C. Barnett. Mr. Morgan, again however, refused to permit Mr. Barnett to participate and acted pro se. Ms. Custer was present with her attorney, Cathy J. Weithman. Brad C. Singer, the GAL, was also present.
 The hearing was a dispositional hearing conducted pursuant to Juvenile Rule 34. As such, the court accepted into evidence the written evaluations of Dr. Anderson and Dr. Tetz and the Interim Report of the GAL pursuant to Rule 34(B)(2).
 The GAL also testified as to his Report in order to accommodate Mr. Morgan's alleged hearing problem and was asked questions by Mr. Morgan.
 Prior to the hearing, Mr. Morgan submitted a "Praecipe" and "Witness Disclosure" to the Court which were filed. At the hearing, Mr. Morgan reiterated the need for the witnesses listed. The Court refused to issue subpoena's [sic] for these witnesses. As to Dr. Anderson and Dr. Tetz, because Juvenile Rule 34(B)(3) prohibits it and no good cause was advanced as to why their testimony would be helpful. As for the others, because their testimony was deemed not needed because of Dr. Anderson and Dr. Tetz's evaluations and because of the Court's basis for decision herein.
 The Court also interviewed Laura Morgan in camera, but in the presence of the GAL. She stated that she definitely did not want the orthodontic procedure being proposed. The Court is of the opinion that since her wishes and concerns are relevant in the allocation of parental rights and responsibilities under Section 3109.04, O.R.C. by extension her wishes and desires are relevant here.
 Patricia Custer, Laura's mother, also stated to the Court that she felt it best to accede to Laura's wishes at this time and, therefore, opposed the orthodontic treatment. She did, however, assure the Court that Laura received regular and adequate dental care.
 Laura does not want the orthodontic care. Her mother, who has legal custody and is statutorily vested with Laura's medical care, does not want the treatment. The two evaluating orthodontists feel Laura's full cooperation is essential to successful treatment and apparently see no urgent reason for the treatment. Laura's GAL recommends against the treatment. Mr. Morgan, alone, continues to insist upon the treatment.
Based upon the foregoing, the Court is of the opinion that the Motion for Orthodontic Treatment should be denied, and therefore, does so now.
Morgan's single assignment of error states:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ALLOWING THE TESTIMONY OF A WITNESS WHOSE IDENTITY WAS NOT DISCLOSED UNTIL THE DAY OF THE TRIAL.
Morgan's principal complaint appears to be the trial court's allowing the testimony and report of an undisclosed witness. Although Morgan does not identify this witness, we can only conclude that it was Laura's guardian ad litem (GAL) Brad C. Singer. We fail to understand how Morgan was prejudiced by Singer's testimony, which essentially detailed the content of his interim report. Morgan directs us to nothing of record that required anyone to disclose his or her witnesses prior to the hearing. The record reflects that Singer was appointed GAL January 14, 1999, and that Morgan was well aware of Singer's appointment to that position. Furthermore, it is difficult to imagine that Singer was a surprise witness because he was named, along with Morgan, as one of the five recipients of the two hearing notices contained in the trial court's entries establishing hearing dates. Finally, Singer's testimony was limited to his interim report, which in turn was limited to summarizing the reports of the two dentists who had examined Laura — both reports having previously been sent to Morgan — and adopting the two dentists' opinions that current orthodontic treatment should not be ordered due to lack of urgency that it be done immediately and Laura's resistance to undergoing treatment.
Morgan's reliance on R.C. 2317.38 is misplaced. This provision requires reasonable notice to the adverse party of an intent to offer a report or finding of facts by a non-party
expert, as described in R.C. 2317.36. See Juv.R. (2)(X). Assuming, arguendo, that R.C. 2317.36-38 applied in these proceedings, Morgan failed to invoke these provisions during the hearing before the trial court. Furthermore, Singer was available for cross-examination, and Morgan could have secured the presence of the examining dentists had he acted in timely fashion. (Although the trial judge indicated at the hearing that the "medical examiners" could not be cross-examined and "(t)hat's why I'm not permitting you to bring them in" — citing Juv.R. 34(B)(3) — the fact remains that Morgan failed to act timely to secure the dentists' presence. Had Morgan acted timely to secure the presence of these and any other witnesses, he might have made a successful argument for the testimony of these witnesses pursuant to the second sentence of Juv.R. 34(B)(3). In any event, absent a proffer of what these witnesses would have said, we have no way of knowing what these witnesses would have testified to and any error in excluding them is waived. Evid.R. 103(A)(2)).
We overrule the assignment of error.
The judgment will be affirmed.
FAIN, J. and KERNS, J., concur.
(Hon. Joseph D. Kerns sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Cathy S. Weithman, Larry N. Morgan, HON. JOHN C. NEWLIN